Filed 3/22/24  P. v. Tyler CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>REGINALD C. TYLER,<br><br>        Defendant and Appellant. | A166293<br><br><br>(San Francisco City & County<br> Super. Ct. Nos. CRI-1390246,<br> SCN150104) |

**MEMORANDUM OPINION**[1]

Reginald Tyler appeals from a trial court order resentencing him pursuant to Penal Code section 1172.75.[2]  The court granted in part his petition for resentencing, striking two sentencing enhancements for prior convictions, but declining to grant relief and reduce his sentence pursuant to section 654, which prohibits multiple punishments for more than one crime committed during a single act or course of conduct.  (*People v. Garcia* (2022) 83 Cal.App.5th 240, 256, review granted on other grounds, Jan. 11, 2023,

---

[1] We resolve this case by memorandum opinion pursuant to the California Standards of Judicial Administration, section 8.1.

[2] Further statutory references are to the Penal Code.  For simplicity, we refer throughout this opinion to section 1172.75, which was originally numbered section 1171.1.  (*People v. Burgess* (2022) 86 Cal.App.5th 375, 378, fn. 2.)  There were no substantive changes to the statute upon renumbering.  (*Ibid.*)

S276858.)  Where, as here, the court is evaluating the application of section 654 to a "course of conduct," a trial court asks whether the "course of conduct reflects a single ' "intent and objective" ' or multiple intents and objectives." (*People v. Corpening* (2016) 2 Cal.5th 307, 311.)  If the defendant acted with a single intent and objective, then the crimes may be punished only once; otherwise, section 654 does not apply and the crimes may be punished separately.  (*Id.* at pp. 311–312.)  If section 654 does apply, recent amendments allow a trial court to impose either the greater or lesser sentence for the two crimes and stay the other sentence, whereas the former version of section 654 required the court to impose the greater sentence and stay the lesser.  (*Garcia, supra*, at p. 257.)

Tyler now argues that the trial court abused its discretion by concluding that, under the law-of-the-case doctrine, this court's opinion in the appeal from his conviction prohibited it from reconsidering the application of section 654.  The Attorney General contends that the trial court's application of the law-of-the-case doctrine was correct, but also that its alternative ruling that it would reach the same conclusion about section 654 even if it considered the issue anew requires us to affirm.  We affirm based on the trial court's alternative ruling.

## BACKGROUND

At the conclusion of his third trial, Tyler was convicted of murder, auto theft, and firearm violations arising from an incident in 1992.  Tyler, who was "grossly intoxicated on cocaine," jumped out of a window while fleeing a drug deal gone bad.  He landed on a car and hit his head; he believed a bullet

2

had grazed his head when the buyer in the drug transaction pulled out a gun and fired a shot.

The buyer pursued the armed Tyler down the street, where Tyler encountered the victim, Louise Manigo. Manigo was leaving for work at her customary time of 4:30 a.m. Tyler attempted to take Manigo's car at gunpoint to drive himself to the hospital. Manigo grabbed the gun and a struggle ensued. Tyler shot Manigo more than once in the chest or abdomen. She died shortly thereafter.

Tyler drove Manigo's car to one hospital, then panicked, and left. After getting lost and abandoning the car, the bleeding Tyler hitchhiked, obtained a ride from a truck, left the truck, and was ultimately arrested near a freeway. Trial evidence corroborated Tyler's account of the drug deal, his flight therefrom, his struggle with Manigo, and his path to the arrest.

At his 1994 sentencing, the trial court imposed sentences for both the murder and auto theft convictions, along with two sentencing enhancements for Tyler's prior prison terms. In an unpublished opinion, this court ruled that substantial evidence supported the conclusion that section 654 did not apply and that Tyler's murder and auto theft convictions were separately punishable. It therefore affirmed Tyler's sentences as to those two counts. We granted Tyler's request to take judicial notice of that opinion. (See Cal. Rules of Court, rule 8.1115(b)(1) [permitting citation to and reliance on an unpublished opinion as "relevant under the doctrine[] of law of the case"].)

After the enactment of section 1172.75, Tyler petitioned the trial court for resentencing. Pursuant to section 1172.75, subdivision (a), he asked the trial court to strike the two one-year sentencing enhancements arising from his prior prison convictions. He also asked the trial court for a "global"

3

resentencing, including a review of whether section 654 should apply to his murder and auto theft convictions.

At the hearing on the petition, the court explained that it had "reviewed the file, and the Court's docket, the [court of appeal] opinion, and . . . the points and authorities . . . along with attachments to th[e] petition." The court explained that it would strike the two one-year sentencing enhancements, but invited the People to weigh in on its "view . . . that [section 1172.75] triggers a possible entire resentencing at the Court's discretion." The People agreed that an "entire resentencing" was warranted. After hearing from the parties, the court explained that Tyler was "entitled to a resentencing by law, so the Court is guided by current law as to what the sentence could be." The court went on, "And the Court acknowledges the change in Penal Code Section 654, and I'll assume for the sake of this argument that the Court has authority to sentence under [section] 654 at this proceeding, since it's a resentencing.

"However, what was not addressed, but what I think is important, is the District Court of Appeal was brought up—an argument was made on Mr. Tyler's appeal, that pursuant to Penal Code Section 654, he could not be sentenced to both the stolen car crime . . . and the murder. And the . . . [Court of Appeal concluded that] those were two separate acts . . . . [and that section] 654 did not apply.

"And so the petitioner, essentially, is asking the Court to overturn that holding which . . . I'm not at liberty to do, being a lower Court.

"However, for the sake of having a full record, assuming that I was free to revisit the [section] 654 issue and exercise my discretion to sta[y] the greater, I'm going to decline to do so. I think that it was decided correctly on the first instance . . . . And I'll cite *People v. Nguyen* [(1988) 204 Cal.App.3d

4

181,] 191." The court sentenced Tyler for both the murder and auto theft convictions and stayed neither of them.

## DISCUSSION

We review the trial court's sentencing decisions for abuse of discretion. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.) "The trial court's sentencing discretion must be exercised in a manner that is not arbitrary and capricious" and that is "consistent with the letter and spirit of the law." (*Ibid.*) "The question of whether section 654 is factually applicable to a given series of offenses is for the trial court, and the law gives the trial court broad latitude in making this determination. [Citation.] Its findings on this question must be upheld on appeal if there is any substantial evidence to support them." (*People v. DeVaughn* (2014) 227 Cal.App.4th 1092, 1113.)

In relevant part, section 1172.75 provides that at resentencing, in addition to the changes mandated by section 1172.75, a trial court "shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).) At least one court that has considered the issue has concluded that section 1172.75 does, indeed, mandate a "full resentencing." (*People v. Monroe* (2022) 85 Cal.App.5th 393, 401–402.) Recent cases interpreting other ameliorative sentencing statutes like section 1172.75 have also concluded that where a comprehensive resentencing is warranted, the court should consider section 654 issues anew. (See *People v. Jones* (2022) 79 Cal.App.5th 37, 44–46 [due to changes in law before conviction became final, defendant was entitled to "full resentencing," including reconsideration of section 654 issues]; *People v. Bautista-Castanon* (2023) 89 Cal.App.5th 922,

5

927 ["A full resentencing may involve the trial court's revisiting such decisions as . . . whether to stay a sentence"].)

It appears, therefore, that resentencing under section 1172.75 may allow for plenary review of the defendant's sentence and the application of additional changes in law since the original sentencing, including the changes to section 654. The Attorney General cites the broad language of section 1172.75, subdivision (d)(2), allowing the trial court to "apply any other changes in law" at resentencing. We therefore assume that the trial court had authority to revisit whether section 654 applies to Tyler's murder and auto theft convictions.

The trial court noted, however, that it did not believe it could overturn this court's prior decision affirming that section 654 did not apply to those convictions. The Attorney General contends that, notwithstanding the full resentencing, the law-of-the-case doctrine precluded the trial court from revisiting that decision. Tyler argues that law of the case did not bind the trial court, due to intervening changes in law. We find it unnecessary to explore the interplay between plenary resentencing and law of the case because the trial court provided its alternative finding—that even if it was not bound by the previous appellate decision, it would still conclude, under *Nguyen*, that Tyler's murder and auto theft convictions were "two separate acts" under section 654 and therefore separately punishable.

Notwithstanding this alternative finding, Tyler argues that a court abuses its discretion when it fails to understand and therefore properly apply its discretion. As a general proposition, this is true. (See *People v. Tirado* (2022) 12 Cal.5th 688, 694; *People v. Pearson* (2013) 56 Cal.4th 393, 419.) Tyler argues that here, because the trial court misapprehended the extent of its discretion, it failed to review and reconsider the section 654 question fully,

6

as evidenced by its citation to *Nguyen* (which this court cited in its opinion in the appeal of Tyler's conviction). Had the trial court independently considered the facts, Tyler continues, it would not have relied on *Nguyen*, but instead on *People v. Ochoa* (2020) 53 Cal.App.5th 841, 854 or *People v. Ridley* (1965) 63 Cal.2d 671, 677–678, cases he argues are more factually similar to his own.

Tyler's disagreement with the trial court's analysis of section 654 does not establish that when the court made its alternative ruling, it failed to do what it said it did; namely, articulate the conclusion it would reach under its own analysis of section 654. To challenge the trial court's alternative ruling successfully on appeal, Tyler must show that it was arbitrary or unsupported by substantial evidence. (*People v. Sandoval*, *supra*, 41 Cal.4th at p. 847.) He has not carried that burden.

In *Nguyen*, the defendant was convicted of robbery and attempted murder after his codefendant shot a store clerk during a robbery in which he participated. (*People v. Nguyen*, *supra*, 204 Cal.App.3d at pp. 184–185.) While Nguyen was at the front of the store, his codefendant "took the victim into a back room, relieved him of his valuables, and then forced him to lie on the floor in an obvious attempt to forestall any resistance. Only after the clerk assumed that position did [the codefendant] shoot him." (*Id.* at p. 190.) The Court of Appeal reasoned that the shooting was "gratuitous violence" and therefore "not 'incidental' to [the] robbery for purposes of [section] 654." (*Ibid.*) At the very least, the trial court here could have found that Tyler's firing of multiple shots at Manigo's chest or abdomen was more than necessary to effectuate the auto theft, and therefore that the shooting was "gratuitous violence" committed with a different intent and objective than the auto theft. *Nguyen* has not been disapproved. Whether the trial court could

7

reasonably have analogized to different cases or reached a different conclusion based on the same evidence is not dispositive under the applicable standard of review.  Because substantial evidence supports the trial court's finding, we can find no abuse of discretion.  (*People v. DeVaughn, supra,* 227 Cal.App.4th at p. 1113.)

## DISPOSITION

The judgment is affirmed.[3]

GOLDMAN, J.

WE CONCUR:

STREETER, Acting P. J.
SMILEY, J. *

---

[3] We recently issued an order to show cause in response to an unrelated petition for habeas corpus challenging Tyler's murder conviction.  Nothing in this opinion bears on, or is intended to reflect any view of, the merits of that petition.

* Judge of the Superior Court of California, Alameda County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.